J-S81030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MARQUISE LAMAR RAMSEY | : | |
| | : | |
| Appellant | : | No. 1348 MDA 2018 |

Appeal from the Judgment of Sentence Entered July 18, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0000620-2015

BEFORE:   STABILE, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.:                **FILED FEBRUARY 25, 2019**

Appellant, Marquise Lamar Ramsey, appeals from the Judgment of Sentence entered on July 18, 2018, in the Berks County Court of Common Pleas following a hearing.  He challenges the discretionary aspects of his violation of probation ("VOP") sentence.  In addition, Appellant's counsel has filed an **Anders**[1] Brief, together with a Petition to Withdraw as Counsel.  After careful review, we affirm Appellant's Judgment of Sentence and grant counsel's Petition to Withdraw.

On August 20, 2015, Appellant entered an open guilty plea to a charge of Prohibited Offensive Weapons[2] and the court sentenced him to three years' probation.  While on probation, police arrested Appellant and, on November

_____

[1] **Anders v. California**, 386 U.S. 738 (1967).

[2] 18 Pa.C.S. § 908(a).

_____

*   Former Justice specially assigned to the Superior Court.

17, 2017, charged him in a new case with Persons Not to Possess Firearms, Receiving Stolen Property, Possession of a Controlled Substance, and Possession of Drug Paraphernalia. On July 6, 2018, Appellant pleaded guilty to the Persons Not to Possess[3] charge and the court sentenced him to 3 to 10 years' incarceration.

On July 18, 2018, the trial court held a VOP hearing at which Appellant admitted to violating his probation. The VOP court revoked Appellant's probation and sentenced Appellant to 6 months' to 4 years' incarceration. The VOP court ordered Appellant to serve this VOP sentence consecutive to the 3- to 10-year sentence imposed for the 2018 convictions.

On July 19, 2018, Appellant filed a Post-Sentence Motion challenging the VOP court's Order that he serve his VOP sentence consecutive, rather than concurrent, to the sentence imposed on his new conviction.

On August 2, 2018, the trial court denied Appellant's Motion. This timely appeal followed. The trial court ordered Appellant to comply with Pa.R.A.P. 1925. Appellant's counsel filed a Statement of Intent to File an **Anders**/**McClendon** Brief pursuant to Rule 1925(c)(4). The trial court filed a Rule 1925(a) Opinion.

On October 24, 2018, counsel filed the **Anders** Brief and Petition to Withdraw as Counsel. Appellant did not file a *pro se* or counselled response to either the Brief or the Petition.

---

[3] 18 Pa.C.S. § 6105(a)(1).

As a preliminary matter, we address counsel's Petition to Withdraw. "When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). In order for counsel to withdraw from an appeal pursuant to *Anders*, our Supreme Court has determined that counsel must meet certain requirements, including:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

In the instant case, counsel has complied with all of the requirements of *Anders* as articulated in *Santiago*. Additionally, counsel confirms that he sent Appellant a copy of the *Anders* Brief, as well as a letter explaining to Appellant that he has the right to proceed *pro se* or the right to retain new counsel. *See Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005) (describing notice requirements). Counsel appended a copy of the letter to his Petition to Withdraw.

Because counsel has satisfied the above requirements, it is now this Court's duty to conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. *See Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (en banc) (noting that *Anders* requires the reviewing court to "review 'the case' as presented in the entire record with consideration first of issues raised by counsel.").

We first address the issue raised by counsel in the *Anders* Brief:

> Whether the sentencing court erred and abused its discretion when it sentenced Appellant to a consecutive, rather than concurrent, sentence for his probation violation?

*Anders* Brief at 6.

The issue presented in the *Anders* Brief challenges the discretionary aspects of Appellant's sentence. *See Commonwealth v. Gonzalez-Dejesus*, 994 A.2d 595, 597-98 (Pa. Super. 2010) (explaining that a challenge to the imposition of consecutive sentences implicates the discretionary aspects of sentencing). A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. *Commonwealth v. Hunter*, 768 A.2d 1136, 1144 (Pa. Super. 2001). Prior to reaching the merits of a discretionary sentencing issue:

> We conduct a four[-]part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal

- 4 -

defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006) (citations omitted).

In the instant case, Appellant met the first three elements by filing a timely Notice of Appeal, properly preserving the issue in a Post-Sentence Motion to modify his sentence, and including a Statement of Reasons Relied Upon for Allowance of Appeal pursuant to Pa.R.A.P. 2119(f) ("Rule 2119(f) Statement"). As to whether Appellant has presented a substantial question, we note:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citations and quotation omitted).

With regard to the imposition of consecutive sentences, this Court has held:

> A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. *Commonwealth v. Mastromarino*, 2 A.3d 581, 587 (Pa. Super. 2010)[.] Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only "the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Lamonda*, 52 A.3d 365, 372 (Pa. Super. 2012)[(*en banc*)].

> [An appellant] **may** raise a substantial question where [s]he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

***Commonwealth v. Swope***, 123 A.3d 333, 338-39 (Pa. Super. 2015) (citation and quotation omitted, emphasis in original).

In the instant case, Appellant's bald challenge to the imposition of a consecutive sentence following the revocation of his probation does not raise a substantial question permitting our review. Accordingly, we agree with counsel and conclude that the issue raised in the ***Anders*** Brief is wholly frivolous.

Furthermore, our independent review of the record, conducted in accordance with ***Yorgey***, ***supra***, confirms counsel's assertion that there are no issues of merit to be considered by this Court and this appeal is, thus, wholly frivolous. Thus, we grant counsel's Application to Withdraw and affirm Appellant's Judgment of Sentence.

Judgment of Sentence affirmed. Application to Withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/25/2019

- 6 -